UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,        Case No. 17-20859

v.                                Judith E. Levy
                                 United States District Judge

Haidar Abdoulatif Aoun,

                                 Mag. Judge Elizabeth A. Stafford

               Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE [17]

This case is before the Court on Defendant's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 17.) On June 8, 2020, the Court heard oral argument on this motion and denied Defendant's motion without prejudice. (ECF No. 23.) The Court permitted Defendant to file a supplemental brief addressing whether he has certain alleged medical conditions and to what extent those conditions increase his risk of a dire outcome from COVID-19. (*Id.*) Defendant submitted a supplemental brief on June 15, 2020 (ECF No. 25), and the Government responded on June 18, 2020. (ECF No. 27.) For

the reasons set forth below, Defendant's renewed motion for compassionate release is denied.

As an initial matter, the Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement at FCI McKean in McKean County, Pennsylvania. Early in the COVID-19 pandemic, the Centers for Disease Control and Prevention ("CDC") acknowledged that correctional and detention facilities "present[] unique challenges for control of [COVID-19] transmission among incarcerated/detained persons, staff, and visitors." *Coronavirus Disease 2019 (COVID-19)—Guidance for Correctional & Detention Facilities*, CDC (last updated July 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. Indeed, since the initial confirmed outbreaks in early 2020, Attorney General Barr has directed federal prisons to systematically evaluate and release inmates most at risk from the COVID-19 pandemic. Memorandum for Director of Bureau of Prisons, Att'y Gen. William Barr, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020).

However, Defendant is not one of those most at risk. The compassionate release statute allows the Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define "extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

The only issue before the Court is whether Defendant has provided any new information regarding his vulnerability to COVID-19 that would warrant reconsideration of the Court's denial of Defendant's motion for compassionate release. Although unclear from his brief, Defendant seems to argue that he has a latent tuberculosis ("TB") infection, which puts him at risk for developing a TB infection. (ECF No. 25.) TB has been identified as a possible risk factor for a severe COVID-19 infection.[1] *See*

---

[1] As the Supreme Court and Sixth Circuit have recognized, CDC public health and medical determinations are to be given significant weight in evaluating illnesses in the public health context. *Bragdon v. Abbott*, 524 U.S. 624, 650 (1998) ("[T]he views of public health authorities, such as the . . . CDC . . . are of special weight and authority.").

3

*Tuberculosis (TB)—Tuberculosis and Public Health Emergencies*, CDC, https://www.cdc.gov/tb/education/public-health-emergencies.htm (last updated Mar. 13, 2020).

Based on the medical evidence before it, however, the Court cannot conclude that Defendant's medical conditions increase his risk of a dire outcome from COVID. Along with his supplemental brief Defendant submitted a note from his primary care physician, Dr. Obeid which said: "Haidar was positive for TB about 30 years ago and treated by an infectious disease doctor. It is my medical opinion that if he was tested recently and the results are positive that it is an active disease." (ECF No. 25-1, PageID.190.) Dr. Obeid's letter does not inform the Court of Defendant's current medical condition. Nor does the letter differentiate between types of TB testing that would be cause for concern if a test came back positive. According to the CDC, a positive TB skin or blood test only reveals whether the person has been infected with TB bacteria at some point in their life. *Tuberculosis (TB)—Testing & Diagnosis*, CDC, https://www.cdc.gov/tb/topic/testing/default.htm (last updated Apr. 14, 2016). Other tests "such as a chest x-ray and a sample of sputum, are needed to see whether the person has TB disease." *Id*. According to BOP's

4

medical records—the validity of which Defendant did not dispute—Defendant's most recent chest x-ray for TB came back negative. (ECF No. 19-7, PageID.158.) Defendant submits no further medical evidence to show that he has active TB.

According to the CDC, "TB patients who are at least 65 years old; have respiratory compromise from their TB; or other medical conditions, including HIV and other immunocompromising conditions, are at greater risk for severe COVID-19 infection." *Tuberculosis (TB)—Tuberculosis and Public Health Emergencies*, CDC, https://www.cdc.gov/tb/education/public-health-emergencies.htm (last updated Mar. 13, 2020). Defendant is 56 years old (ECF No. 19, PageID.108) and has not shown that he has any additional risk factors or respiratory compromise from the TB diagnosis he had 30 years ago.

There is no medical evidence that Defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

5

The Court is concerned about the wellbeing of Defendant, as well as that of all detainees during this public health crisis. However, the Court cannot find that Defendant has demonstrated "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Defendant's renewed motion is DENIED.

IT IS SO ORDERED.

Dated: July 21, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager